Richard J. Grabowski (State Bar No. 125666)
rgrabowski@jonesday.com
Ann T. Rossum (State Bar No. 281236)
atrossum@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile:  (949) 553-7539

Attorneys for Defendant
Experian Information Solutions, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>              Plaintiff,<br><br>      v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., CLARITY<br>SERVICES, INC., EASY CASH<br>ASAP, LOANME INC., MARLETTE<br>FUNDING LLC, MONEYKEY – CA,<br>INC., MONEY LION, INC., NIIWIN,<br>LLC, and DOES 1 through 10,<br><br>              Defendants. | Case No. **2:18-cv-3126**<br><br>[Removal of Los Angeles County<br>Superior Court, Case No. BC694538]<br><br>**EXPERIAN INFORMATION<br>SOLUTIONS, INC.'S NOTICE OF<br>REMOVAL**<br><br>Complaint Filed:  February 16, 2018 |

**TO THE CLERK OF THE COURT:**

      **PLEASE TAKE NOTICE** that Defendant Experian Information Solutions,

Inc. hereby files this Notice of Removal for the above-captioned action from the

Superior Court of California, County of Los Angeles, to the United States District

Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1332(d),

1441, 1446, and 1453, and on the basis of the following facts, which show that this

case may be properly removed to this Court:

1.      Plaintiff filed a Complaint in the above-captioned matter in the Superior Court of California, County of Los Angeles, on February 16, 2018 (the "State Court Action").

2.      As more fully set out below, the Complaint makes this case properly removable to this Court pursuant to 28 U.S.C. § 1441 because Experian has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332(d).

## I.      EXPERIAN HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3.      Experian is a named defendant in the State Court Action, along with Clarity Services, Inc. ("Clarity"), Easy Cash ASAP, LOANME, INC., Marlette Funding LLC, MONEYKEY – CA, Inc., Money Lion, Inc., and Niiwin, LLC. Experian was served on March 16, 2018.

4.      As of the date of this removal, only minimal proceedings have occurred in the State Court Action.  On April 12, 2018, Experian filed its answer in the State Court Action.  (*See* Ex. A-13.)  On April 13, 2018, LOANME, INC. filed its answer in the State Court Action.  (*See* Ex. A-14.)  Experian reserves the right to amend or supplement this Notice of Removal.

5.      Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) because the State Court Action was filed within this District, at the Superior Court of California, County of Los Angeles. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

6.      Pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), this Notice is being filed with this Court within thirty (30) days after Experian received a copy of the Complaint in this action setting forth the claims for relief upon which Plaintiff's action is now based.

EXPERIAN'S NOTICE OF REMOVAL

7.      Pursuant to 28 U.S.C. § 1446(a), Experian is attaching copies of all process, pleadings, and orders served upon Experian or electronically available in the State Court action, as Exhibit A.  A "List of State Court Docs" is attached, specifying the exhibit number, the filing date, the name of the document, and the number of pages.

8.      Pursuant to 28 U.S.C. § 1446(d), Experian shall file a copy of this Notice of Removal with the clerk of the State Court Action, and shall serve Plaintiff through his attorney of record in the State Court Action with this Notice promptly after its filing.

## II.   REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

9.      This court has jurisdiction over this case under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA").  CAFA's intent "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications" and "its provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant," considering that such class actions usually have "significant implications for interstate commerce and national policy." S. Rep. 109-14.  Subject matter jurisdiction under section 1332(d) requires minimal diversity such that "any member of a class of plaintiffs is a citizen of a State different from any defendant," and that the amount in controversy "exceeds the sum or value of $5,000,000." *See* 28 U.S.C. § 1332(d).  The subject matter jurisdiction provision of section 1332(d)(2) applies to proposed classes with an excess of 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

10.     As set forth below, this is a putative class action in which:  (1) Plaintiff's defined classes each will involve more than 100 members nationally; (2) at least one plaintiff has a different citizenship from at least one defendant; and (3) based upon the allegations in the Complaint, the claims of the putative class members exceed the

sum or value of $5,000,000 in the aggregate, exclusive of interest and costs. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A. CLASS ACTION CONSISTING OF MORE THAN 100 MEMBERS.

11. In the Complaint, Plaintiff seeks relief on behalf of multiple classes and subclasses. (Compl., ¶¶ 24, 39, 48, 58, 68, 78, 88, 98.)

12. Against Experian, Plaintiff seeks the following class: "All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Experian Information Solutions, Inc., within the last five years, provided a consumer report to Clarity Services, Inc., Easy Cash ASAP, LOANME INC, Marlette Funding LLC, MONEYKEY - CA, Inc., Money Lion, Inc., or Niiwin, LLC with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance." (Compl. ¶ 24.)

13. Plaintiff alleges the class against Experian to consist of over 1,000 class members. (*Id.* at ¶ 25.)

14. Against Clarity, Plaintiff seeks the following class: "All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Clarity Services, Inc., within the last five years, provided a consumer report to Easy Cash ASAP, MONEYKEY - CA, Inc., Money Lion, Inc., or Niiwin, LLC another person with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance." (*Id.* at ¶ 39.)

15. Plaintiff alleges the class against Clarity to consist of over 1,000 class members. (*Id.* at ¶ 40.)

EXPERIAN'S NOTICE OF REMOVAL

16.     Against Easy Cash ASAP, Plaintiff seeks the following class:  "All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Easy Cash ASAP obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance." (*Id.* at ¶ 48.)

17.     Plaintiff alleges the class against Easy Cash ASAP to consist of over 1,000 class members.  (*Id.* at ¶ 49.)

18.     Against LOANME INC., Plaintiff seeks the following class:   "All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom LOANME INC.  obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance." (*Id.* at ¶ 58.)

19.     Plaintiff alleges the class against LOANME INC. to consist of over 1,000 class members.  (*Id.* at ¶ 59.)

20.     Against Marlette Funding LLC, Plaintiff seeks the following class:  "All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Marlette Funding LLC obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance." (*Id.* at ¶ 68.)

21.     Plaintiff alleges the class against Marlette Funding LLC to consist of over 1,000 class members.  (*Id.* at ¶ 69.)

EXPERIAN'S NOTICE OF REMOVAL

22.    Against MONEYKEY – CA, Inc., Plaintiff seeks the following class: "All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom MONEYKEY – CA, INC. obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance." (*Id.* at ¶ 78.)

23.    Plaintiff alleges the class against MONEYKEY – CA, Inc. to consist of over 1,000 class members. (*Id.* at ¶ 79.)

24.    Against Money Lion, Inc., Plaintiff seeks the following class: "All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Money Lion, Inc. obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance." (*Id.* at ¶ 88.)

25.    Plaintiff alleges the class against Money Lion, Inc. to consist of over 1,000 class members. (*Id.* at ¶ 89.)

26.    Against Niiwin, LLC, Plaintiff seeks the following class: "All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Niiwin, LLC obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance." (*Id.* at ¶ 98.)

27.    Plaintiff alleges the class against Niiwin, LLC to consist of over 1,000 class members. (*Id.* at ¶ 99.)

28.    Per the allegations in the Complaint, the number of persons included in each alleged putative class easily exceeds 100.

1    **B.    DIVERSITY OF CITIZENSHIP.**

2        29.    As set forth in the Complaint, Plaintiff Barry Rosen is a citizen of Los

3    Angeles County, California.  (*Id.* at ¶ 2.)

4        30.    Clarity is incorporated in Delaware with its principal place of business

5    in Florida.  (*Id.* at ¶ 4; Declaration of Thomas Chadwick ("Chadwick Decl."), ¶¶ 2-

6    5; *see also* 28 U.S.C. § 1369 (corporation deemed citizen of any state in which it is

7    incorporated or has its principal place of business).)

8        31.    Under 28 U.S.C. § 1332(d)(2), diversity jurisdiction is established

9    where any member of the class is a citizen of a state different from any defendant.

10   28 U.S.C. § 1332(d)(2)(A).

11       32.    Plaintiff's citizenship, California, is different from Clarity's citizenship,

12   Delaware and Florida.  (*Compare* Compl., ¶ 4, *with* Chadwick Decl., ¶¶ 2-5.)

13       33.    Accordingly, the diversity requirements of section 1332(d) have been

14   met.

15   **C.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS**

16   **SATISFIED.**

17       34.    Plaintiff alleges eight distinct classes.  Plaintiff alleges the number of

18   members in each class to be over 1,000. (Compl., ¶ 25 (against Experian), ¶ 40

19   (against Clarity); ¶ 49 (against Easy Cash ASAP), ¶ 59 (against LOANME INC.),

20   ¶ 69 (from Marlette Funding LLC), ¶ 79 (against MONEYKEY—CA, INC.), ¶ 89

21   (from Money Lion, Inc.), ¶ 99 (against Niiwin, LLC).)  Accordingly, Plaintiff alleges

22   the total class members to exceed 8,000.

23       35.    Plaintiff seeks statutory damages up to $1,000 per violation of the FCRA

24   from each Defendant to this action.  (*Id.* at ¶ 23 (from Experian), ¶ 38 (from Clarity);

25   ¶ 54 (from Easy Cash ASAP), ¶ 64 (from LOANME INC.), ¶ 74 (from Marlette

26   Funding LLC), ¶ 84 (from MONEYKEY—CA, INC.), ¶ 94 (from Money Lion, Inc.),

27   ¶ 104 (from Niiwin, LLC).)

28

EXPERIAN'S NOTICE OF REMOVAL

36.     Plaintiff also seeks recovery of his attorneys' fees from all defendants. (*Id.*, Prayer for Relief, ¶ 4.)  Attorneys' fees often run into the six or seven figures in class actions.  *See, e.g.*, *Rapsa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (noting that attorney's fees can easily exceed six figures in class actions); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1124 (C.D. Cal. 2008) (noting that a "study, done by National Economic Research Associates . . . found that attorneys' fees in these class actions averaged approximately 32% of the recovery, regardless of the case size, and averaged 34.74% when the fees and expenses were added together").

37.     Attorneys' fees are properly aggregated and considered for purposes of determining the amount in controversy under CAFA—especially when recovery for attorneys' fees is provided for in a statute under which Plaintiff seeks recovery.  *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Attorneys' fees are properly included in the amount in controversy in a class action. *Id*. (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942–43 (9th Cir. 2001).)  Plaintiff has not only claimed a right to attorneys' fees in his Prayer, but he also claims that Defendants breached the Fair Credit Reporting Act ("FCRA"), which allows for recovery of attorneys' fees.  *See* 15 U.S.C. §§ 1681o, 1681n.

38.     None of the other jurisdictional exceptions to CAFA apply to this case.

39.     Based on Plaintiff's allegations, including the number of purported class members alleged in the Complaint, the sum demanded in statutory damages and attorneys' fees on behalf of the purported class, and Plaintiff's additional monetary and non-monetary demands, Experian has a good faith belief that the amount in

EXPERIAN'S NOTICE OF REMOVAL

controversy in this case in the aggregate exceeds the jurisdictional threshold of $5,000,000 contained in 28 U.S.C. § 1332(d).

**II.      REMOVAL IS ALSO PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331.**

40.      Experian is a corporation that, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.  Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).  (*See also* Compl., ¶ 16.)

41.      The claims for relief against Experian, Clarity, Easy Cash ASAP, LOANME, INC., Marlette Funding LLC, MONEYKEY – CA, Inc., Money Lion, Inc., and Niiwin, LLC alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*.  Plaintiff claims he was harmed by the alleged violations of the Fair Credit Reporting Act due to the alleged disclosure of his personal and private information.  (Compl., ¶ 22).  The Fair Credit Reporting Act is a federal law – a law of the United States.  See 28 U.S.C. § 1331.  Thus, this court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. *See Rand v. Citibank, N.A.,* No. 14-04772, 2015 U.S. Dist. LEXIS 14695, at *4 (N.D. Cal. Feb. 6, 2015) ("The Court has federal question jurisdiction over the FCRA claims under 28 U.S.C. § 1331….").  The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a).

42.      As of the date of this Notice, Clarity, LOANME, INC., Marlette Funding LLC, MONEYKEY – CA, Inc., and Money Lion, Inc., LLC have been

EXPERIAN'S NOTICE OF REMOVAL

served with the Summons and Complaint in the State Court Action[1] and consent to and join in removing the above-captioned action to this Court. Clarity's, LOANME, INC.'s, and MONEYKEY – CA, Inc.'s consents to removal are attached hereto as Exhibit B-D. Marlette Funding, LLC and Money Lion, LLC also consent to and join in this removal. *See Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

43.   For all of the reasons stated, this action is removable to this Court pursuant to sections 1441, 1446, and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332.

WHEREFORE, Experian notices the removal of this case from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441 and 1453(b).

Dated: April 13, 2018                    Respectfully submitted,

                                          JONES DAY


                                          By: */s/ Richard J. Grabowski*
                                              Richard J. Grabowski

                                          Attorneys for Defendant
                                          EXPERIAN INFORMATION
                                          SOLUTIONS, INC.

---

[1] Defendants reserve their right to raise any of their defenses or other rights, including but not limited to their right to challenge the sufficiency of service.

EXPERIAN'S NOTICE OF REMOVAL