# Exhibit A

PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone:     (818) 883-4900
Fax:           (818) 883-4902
Email:         peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:     (213) 599-8255
Fax:           (213) 402-3949
Email:         lonnieblanchard@gmail.com

Attorneys for Plaintiff Barry Rosen

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 16 2018

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| Barry Rosen, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>Experian Information Solutions, Inc., Clarity Services, Inc., Easy Cash ASAP, LOANME INC, Marlette Funding LLC, MONEYKEY – CA, Inc., Money Lion, Inc., Niiwin, LLC, and Does 1 through 10,<br><br>    Defendants. | Case No.   BC 6 9 4 5 3 8<br>**CLASS ACTION**<br><br>**Complaint for Violation of the Fair Credit Reporting Act**<br><br>**Demand for Jury Trial** |

Plaintiff Barry Rosen ("Plaintiff") alleges:

1.  This class action alleges that Defendants violated the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq.* in providing and/or obtaining consumer reports.

Complaint

1

2.   Plaintiff is a "consumer" protected by the FCRA and is a resident of Los Angeles County, California.

3.   The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."

4.   Defendant Clarity Services, Inc. is a Delaware corporation "person" and a consumer reporting agency doing business in California and is a "person" as defined by the FCRA.

5.   Defendant Easy Cash ASAP is a business entity believed to be doing business in California and is a "person" as defined by the FCRA.

6.   Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in California and is a "person" as defined by the FCRA.

7.   Defendant LOANME INC. is a Nevada corporation with its principal place of business in California and is a "person" as defined by the FCRA.

8.   Defendant Marlette Funding LLC is a Delaware company believed to be doing business in California and is a "person" as defined by the FCRA.

9.   Defendant MONEYKEY – CA, Inc. is a Delaware corporation doing business in California and is a "person" as defined by the FCRA.

10.  Defendant Money Lion, Inc. is a business entity and is a "person" as defined by the FCRA.

11.  Defendant Niiwin, LLC is a business entity and is a "person" as defined by the FCRA.

12.  Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and Class Members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

13. Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all the Defendants conspired with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in committing the wrongful acts alleged herein.

**First Cause of Action**
**Violation of Fair Credit Reporting Act**
**(Against Defendant Experian Information Solutions, Inc.)**

14. Plaintiff realleges all the preceding paragraphs.

15. The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

16. Defendant is a consumer reporting agency that furnishes consumer reports to others, including the named Defendants.

17. Section 1681b(a) limits the circumstances under which Defendant may furnish consumer reports, and provides in relevant part:

(a) In general

Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe--

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

. . .

(c) Furnishing reports in connection with credit or insurance transactions that are not initiated by consumer

(1) In general

A consumer reporting agency may furnish a consumer report relating to any consumer pursuant to subparagraph (A) or (C) of subsection (a)(3) in connection with any credit or insurance transaction that is not initiated by the consumer only if--

(A) the consumer authorizes the agency to provide such report to such person; or

(B)(i) the transaction consists of a firm offer of credit or insurance;

(ii) the consumer reporting agency has complied with subsection (e);

(iii) there is not in effect an election by the consumer, made in accordance with subsection (e), to have the consumer's name and address excluded from lists of names provided by the agency pursuant to this paragraph; and

(iv) the consumer report does not contain a date of birth that shows that the consumer has not attained the age of 21, or, if the date of birth on the consumer report shows that the consumer has not attained the age of 21, such consumer consents to the consumer reporting agency to such furnishing.

. . .

(e) Election of consumer to be excluded from lists

(1) In general

A consumer may elect to have the consumer's name and address excluded from any list provided by a consumer reporting agency under subsection (c)(1)(B) in connection with a credit or insurance transaction that is not initiated by the consumer, by notifying the agency in accordance with paragraph (2) that the consumer does not consent to any use of a consumer report relating to the consumer in connection with any credit or insurance transaction that is not initiated by the consumer.

(2) Manner of notification

A consumer shall notify a consumer reporting agency under paragraph (1)--

(A) through the notification system maintained by the agency under paragraph (5); or

(B) by submitting to the agency a signed notice of election form issued by the agency for purposes of this subparagraph.

(3) Response of agency after notification through system

Complaint

4

1   Upon receipt of notification of the election of a consumer under paragraph (1)
2   through the notification system maintained by the agency under paragraph (5), a
    consumer reporting agency shall--

3       (A) inform the consumer that the election is effective only for the 5-year
        period following the election if the consumer does not submit to the agency a
4       signed notice of election form issued by the agency for purposes of paragraph
5       (2)(B); and

6       (B) provide to the consumer a notice of election form, if requested by the
        consumer, not later than 5 business days after receipt of the notification of the
7       election through the system established under paragraph (5), in the case of a
        request made at the time the consumer provides notification through the system.

8   (4) Effectiveness of election

9   An election of a consumer under paragraph (1)--

10      (A) shall be effective with respect to a consumer reporting agency
        beginning 5 business days after the date on which the consumer notifies the
11      agency in accordance with paragraph (2);

12      (B) shall be effective with respect to a consumer reporting agency--

13          (i) subject to subparagraph (C), during the 5-year period beginning
            5 business days after the date on which the consumer notifies the agency
14          of the election, in the case of an election for which a consumer notifies the
            agency only in accordance with paragraph (2)(A); or

15          (ii) until the consumer notifies the agency under subparagraph (C),
            in the case of an election for which a consumer notifies the agency in
16          accordance with paragraph (2)(B);

17      (C) shall not be effective after the date on which the consumer notifies the
        agency, through the notification system established by the agency under
18      paragraph (5), that the election is no longer effective; and

19      (D) shall be effective with respect to each affiliate of the agency.

20  18.   On August 27, 2017, Plaintiff obtained a copy of his consumer report from Experian and

21        discovered that Experian had furnished a consumer report regarding Plaintiff to the following

22        entities on the dates described:

23

| | |
|---|---|
| Clarity Services, Inc. On behalf of EASY CASH ASAP (2287) for 30 | 3/13/17 |
| Clarity Services, Inc. On behalf of VIVUS SRV LENDGREEN (182) for 30 | 3/13/17 |
| Clarity Services, Inc. On behalf of MONEY KEY (772) for 30 | 3/13/17 |
| Clarity Services, Inc. On behalf of | 3/13/17 |

Complaint

5

| LIONLOANS (3120) for 30 | |
|---|---|
| CLARITY/LIONLOANS | 3/13/17 |
| LOANME INC | 11/17/15 |
| MARLETTE FUNDING LLC | 9/23/15 |

19.   There was no permissible purpose for Defendant's disclosure of Plaintiff's information to these entities. Plaintiff had not initiated a credit or insurance transaction with any such entities. Plaintiff had not authorized Defendant to provide such report to such entities. None of the entities were making a firm offer of credit or insurance to Plaintiff.

20.   Section 1681e of the FCRA provides:

(a) Identity and purposes of credit users

Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

21.   Defendant violated Section 1681e by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under section 1681b. Defendant furnished a consumer report regarding Plaintiff even though there were reasonable grounds showing that the consumer report would not be used for a purpose listed in Section 1681b. For example:

a.      EASY CASH ASAP is not registered to do business in California and does not have the required California Finance Lenders License. Its website states: "Easy Cash ASAP is an online lender offering short-term installment loans to qualified consumers in the states of Missouri and Wisconsin."

b.      Marlette Funding LLC does not have a California Finance Lenders License.

c.    Money Lion, Inc., the company doing business as LIONLOANS, is not registered to do business in California and does not have the required California Finance Lenders License.

d.    Niiwin, LLC, the company doing business as LENDGREEN, is not registered to do business in California. LENDGREEN's website (https://www.lendgreen.com) states that "Lendgreen does not lend to residents of AR, CA, GA, MD, MN, NY, PA, VA, WV, WI."

22.   Defendant knew or should have known about its legal obligations under the FCRA. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA, and any reasonable credit reporting agency knows about or can easily discover these obligations. Defendant knew or recklessly failed to know that the purposes for which it furnished Plaintiff's consumer report to the named Defendants were unauthorized and that its acts in providing a consumer report regarding Plaintiff and other class members without verifying the permitted purpose violated the express provisions of Sections 1681b(a) and 1681e. Despite knowing of these legal obligations, Defendant intentionally or with a reckless disregard of its duties violated its obligations and deprived Plaintiff and other Class members their rights under the FCRA by disclosing their personal and private information in violation of their privacy rights.

23.   Defendant is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

## CLASS ACTION ALLEGATIONS

24.   Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Experian Information Solutions, Inc., within the last five years, provided a consumer report to Clarity Services, Inc., Easy Cash ASAP, LOANME INC, Marlette Funding LLC, MONEYKEY – CA, Inc., Money Lion, Inc., or Niiwin, LLC with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of

**Complaint**

7

**Page 011**

such report to such person and the transaction did not consist of a firm offer of credit or insurance.

### EASY CASH ASAP Subclass

All persons residing in the United States (including all territories and other political subdivisions of the United States) other than in the states of Missouri and Wisconsin as to whom Experian Information Solutions, Inc., within the last five years, provided a consumer report to EASY CASH ASAP with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

### Marlette Funding LLC

All persons residing in the state California as to whom Experian Information Solutions, Inc., within the last five years, provided a consumer report to Marlette Funding LLC with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

### Money Lion, Inc. Subclass

All persons residing in the state California as to whom Experian Information Solutions, Inc., within the last five years, provided a consumer report to Money Lion, Inc. with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

### Niiwin, LLC Subclass

All persons residing in the states of Arizona, California, Georgia, Maryland, Minnesota, New York, Pennsylvania, Virginia, West Virginia, or Wisconsin as to whom Experian Information Solutions, Inc., within the last five years, provided a consumer report to Niiwin, LLC with respect to a credit or insurance transaction that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

25.   **Numerosity.** The members of the Class are believed to be over 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

26.   **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a.   Whether Defendant violated Section 1681b(a) by providing consumer reports for an unpermitted purpose.

b.   Whether Defendant violated Section 1681b(e) by failing to take reasonable steps to verify a proper purpose.

c.   Whether Defendant's violations were willful.

27.   **Typicality.** Plaintiff's class claims are typical of the claims of Class members. Plaintiff is seeking only statutory and punitive damages. In addition, Plaintiff is entitled to the same relief under the class claims as the other members of the Class.

28.   **Adequacy.** Plaintiff is an adequate representative of the Class members because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the Class members. Plaintiff has retained counsel competent and experienced in FCRA class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

29.   **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

**Second Cause of Action**
**Violation of Fair Credit Reporting Act**
**(Against Defendant Clarity Services, Inc.)**

30. Plaintiff realleges all the preceding paragraphs.

31. There was no permissible purpose for Defendant's disclosure of Plaintiff's information to these entities. Plaintiff had not initiated a credit or insurance transaction with any such entities. Plaintiff had not authorized Defendant to provide such report to such entities. None of the entities were making a firm offer of credit or insurance to Plaintiff.

32. Defendant violated Section 1681e by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under section 1681b. Defendant furnished a consumer report regarding Plaintiff even though there were reasonable grounds showing that the consumer report would not be used for a purpose listed in Section 1681b.

33. Section 1681e provides in relevant part:

(e) Procurement of consumer report for resale

(1) Disclosure.--A person may not procure a consumer report for purposes of reselling the report (or any information in the report) unless the person discloses to the consumer reporting agency that originally furnishes the report--

(A) the identity of the end-user of the report (or information); and

(B) each permissible purpose under section 1681b of this title for which the report is furnished to the end-user of the report (or information).

(2) Responsibilities of procurers for resale.--A person who procures a consumer report for purposes of reselling the report (or any information in the report) shall--

(A) establish and comply with reasonable procedures designed to ensure that the report (or information) is resold by the person only for a purpose for which the report may be furnished under section 1681b of this title, including by requiring that each person to which the report (or information) is resold and that resells or provides the report (or information) to any other person--

(i) identifies each end user of the resold report (or information);

(ii) certifies each purpose for which the report (or information) will be used; and

(iii) certifies that the report (or information) will be used for no other purpose; and

(B) before reselling the report, make reasonable efforts to verify the identifications and certifications made under subparagraph (A).

**Page 014**

34.  Defendant procured a consumer report regarding Plaintiff either for its own purposes or for the purposes of reselling the report or information in the report to other persons.

35.  To the extent Defendant procured a consumer report for its own purposes, it had no permissible purpose in doing so.

36.  To the extent Defendant procured a consumer report for the purposes of reselling the report or information in the report to other persons, Defendant breached its obligations under Section 1681e by, *inter alia*, failing to make reasonable efforts to verify any identifications or certifications made under subparagraph (A) of Section 1681e(e)(2).

37.  Defendant knew or should have known about its legal obligations under the FCRA. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA, and any reasonable credit reporting agency knows about or can easily discover these obligations. Defendant knew or recklessly failed to know that the purposes for which it furnished Plaintiff's consumer report to the named Defendants were unauthorized and that its acts in providing a consumer report regarding Plaintiff and other class members without verifying the permitted purpose violated the express provisions of Sections 1681b(a) and 1681e. Despite knowing of these legal obligations, Defendant intentionally or with a reckless disregard of its duties violated its obligations and deprived Plaintiff and other Class members their rights under the FCRA by disclosing their personal and private information in violation of their privacy rights.

38.  Defendant is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

## CLASS ACTION ALLEGATIONS

39.  Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

> All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Clarity Services, Inc., within the last five years, provided a consumer report to Easy Cash ASAP, MONEYKEY – CA, Inc., Money Lion, Inc., or Niiwin, LLC another person with respect to a credit or insurance transaction

that was not initiated by the class member and the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

**EASY CASH ASAP Subclass**

All persons residing in the United States (including all territories and other political subdivisions of the United States) other than in the states of Missouri and Wisconsin as to whom Clarity Services, Inc., within the last five years, provided a consumer report to EASY CASH ASAP with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

**Money Lion, Inc. Subclass**

All persons residing in the state California as to whom Clarity Services, Inc., within the last five years, provided a consumer report to Money Lion, Inc. with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

**Niiwin, LLC Subclass**

All persons residing in the states of Arizona, California, Georgia, Maryland, Minnesota, New York, Pennsylvania, Virginia, West Virginia, or Wisconsin as to whom Clarity Services, Inc., within the last five years, provided a consumer report to Niiwin, LLC with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

40. **Numerosity.** The members of the Class are believed to be over 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

41. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a.    Whether Defendant violated Section 1681b(a) by providing consumer reports for an unpermitted purpose.

    b.    Whether Defendant violated Section 1681b(e) by failing to take reasonable steps to verify a proper purpose.

**Complaint**

12

c.      Whether Defendant's violations were willful.

42.  **Typicality.** Plaintiff's class claims are typical of the claims of Class members. Plaintiff is seeking only statutory and punitive damages. In addition, Plaintiff is entitled to the same relief under the class claims as the other members of the Class.

43.  **Adequacy.** Plaintiff is an adequate representative of the Class members because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the Class members. Plaintiff has retained counsel competent and experienced in FCRA class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

44.  **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

**Third Cause of Action**
**Violation of Fair Credit Report Act**
**(Against Defendant Easy Cash ASAP)**

45.  Plaintiff realleges all the preceding paragraphs.

46.  Section 1681b(f) provides:

(f) Certain use or obtaining of information prohibited

**Complaint**

13

A person shall not use or obtain a consumer report for any purpose unless--

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

47.   Defendant used or obtained a consumer report concerning Plaintiff and other class members for a purpose for which the consumer report is not authorized to be furnished.

## CLASS ACTION ALLEGATIONS

48.   Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Easy Cash ASAP obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

### State Subclass

All persons residing in the United States (including all territories and other political subdivisions of the United States) other than in the states of Missouri and Wisconsin as to whom Easy Cash ASAP, within the last five years, obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

49.   **Numerosity.** The members of the Class are believed to be over 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

50.   **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a.   Whether Defendant violated Section 1681b(f) obtaining or using consumer reports for an unpermitted purpose.

b.   Whether Defendant's violations were willful.

51.  **Typicality.** Plaintiff's class claims are typical of the claims of Class members. Plaintiff is seeking only statutory and punitive damages. In addition, Plaintiff is entitled to the same relief under the class claims as the other members of the Class.

52.  **Adequacy.** Plaintiff is an adequate representative of the Class members because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the Class members. Plaintiff has retained counsel competent and experienced in FCRA class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

53.  **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

54.  Defendant is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

**Fourth Cause of Action**
**Violation of Fair Credit Report Act**
**(Against Defendant LOANME INC.)**

55.  Plaintiff realleges all the preceding paragraphs.

**Complaint**
15

56. Section 1681b(f) provides:

> (f) Certain use or obtaining of information prohibited
>
> A person shall not use or obtain a consumer report for any purpose unless--
>
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

57. Defendant used or obtained a consumer report concerning Plaintiff and other class members for a purpose for which the consumer report is not authorized to be furnished.

## CLASS ACTION ALLEGATIONS

58. Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

> All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom LOANME INC. obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

59. **Numerosity.** The members of the Class are believed to be over 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

60. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a.    Whether Defendant violated Section 1681b(f) obtaining or using consumer reports for an unpermitted purpose.

    b.    Whether Defendant's violations were willful.

61. **Typicality.** Plaintiff's class claims are typical of the claims of Class members. Plaintiff is seeking only statutory and punitive damages. In addition, Plaintiff is entitled to the same relief under the class claims as the other members of the Class.

62. **Adequacy.** Plaintiff is an adequate representative of the Class members because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the Class members. Plaintiff has retained counsel competent and experienced in FCRA class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

63. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

64. Defendant is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

**Fifth Cause of Action**
**Violation of Fair Credit Report Act**
**(Against Defendant Marlette Funding LLC)**

65. Plaintiff realleges all the preceding paragraphs.

**Complaint**
17

66.   Section 1681b(f) provides:

> (f) Certain use or obtaining of information prohibited
>
> A person shall not use or obtain a consumer report for any purpose unless--
>
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

67.   Defendant used or obtained a consumer report concerning Plaintiff and other class members for a purpose for which the consumer report is not authorized to be furnished.

### CLASS ACTION ALLEGATIONS

68.   Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

> All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Marlette Funding LLC obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.
>
> **State Subclass**
>
> All persons residing in the state California as to whom Marlette Funding LLC, within the last five years, obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

69.   **Numerosity.** The members of the Class are believed to be over 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

70.   **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a.      Whether Defendant violated Section 1681b(f) obtaining or using consumer reports for an unpermitted purpose.

b.      Whether Defendant's violations were willful.

71.   **Typicality.** Plaintiff's class claims are typical of the claims of Class members. Plaintiff is seeking only statutory and punitive damages. In addition, Plaintiff is entitled to the same relief under the class claims as the other members of the Class.

72.   **Adequacy.** Plaintiff is an adequate representative of the Class members because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the Class members. Plaintiff has retained counsel competent and experienced in FCRA class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

73.   **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

74.   Defendant is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

Complaint

19

**Page 023**

**Sixth Cause of Action**
**Violation of Fair Credit Report Act**
**(Against Defendant MONEYKEY – CA, Inc.)**

75. Plaintiff realleges all the preceding paragraphs.

76. Section 1681b(f) provides:

(f) Certain use or obtaining of information prohibited

A person shall not use or obtain a consumer report for any purpose unless--

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

77. Defendant used or obtained a consumer report concerning Plaintiff and other class members for a purpose for which the consumer report is not authorized to be furnished.

## CLASS ACTION ALLEGATIONS

78. Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom MONEYKEY – CA, Inc. obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

79. **Numerosity.** The members of the Class are believed to be over 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

80. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether Defendant violated Section 1681b(f) obtaining or using consumer reports for an unpermitted purpose.

Complaint
20

**Page 024**

b.    Whether Defendant's violations were willful.

81.    **Typicality.** Plaintiff's class claims are typical of the claims of Class members. Plaintiff is seeking only statutory and punitive damages. In addition, Plaintiff is entitled to the same relief under the class claims as the other members of the Class.

82.    **Adequacy.** Plaintiff is an adequate representative of the Class members because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the Class members. Plaintiff has retained counsel competent and experienced in FCRA class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

83.    **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

84.    Defendant is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

**Seventh Cause of Action**
**Violation of Fair Credit Report Act**
**(Against Defendant Money Lion, Inc.)**

85.   Plaintiff realleges all the preceding paragraphs.

86.   Section 1681b(f) provides:

(f) Certain use or obtaining of information prohibited

A person shall not use or obtain a consumer report for any purpose unless--

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

87.   Defendant used or obtained a consumer report concerning Plaintiff and other class members for a purpose for which the consumer report is not authorized to be furnished.

**CLASS ACTION ALLEGATIONS**

88.   Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Money Lion, Inc. obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

**State Subclass**

All persons residing in California as to whom Money Lion, Inc., within the last five years, obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

89.   **Numerosity.** The members of the Class are believed to be over 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

90.   **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions

Complaint
22

**Page 026**

affecting only individual members. These common legal and factual questions include, among other things:

a.  Whether Defendant violated Section 1681b(f) obtaining or using consumer reports for an unpermitted purpose.

b.  Whether Defendant's violations were willful.

91.  **Typicality.** Plaintiff's class claims are typical of the claims of Class members. Plaintiff is seeking only statutory and punitive damages. In addition, Plaintiff is entitled to the same relief under the class claims as the other members of the Class.

92.  **Adequacy.** Plaintiff is an adequate representative of the Class members because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the Class members. Plaintiff has retained counsel competent and experienced in FCRA class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

93.  **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

Complaint

23

94.   Defendant is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

### Eighth Cause of Action
### Violation of Fair Credit Report Act
### (Against Defendant Niiwin, LLC)

95.   Plaintiff realleges all the preceding paragraphs.

96.   Section 1681b(f) provides:

(f) Certain use or obtaining of information prohibited

A person shall not use or obtain a consumer report for any purpose unless--

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

97.   Defendant used or obtained a consumer report concerning Plaintiff and other class members for a purpose for which the consumer report is not authorized to be furnished.

### CLASS ACTION ALLEGATIONS

98.   Plaintiff brings this claim for himself and on behalf of a class initially defined as follows:

All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Niiwin, LLC obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

**State Subclass**

All persons residing in the states of Arizona, California, Georgia, Maryland, Minnesota, New York, Pennsylvania, Virginia, West Virginia, or Wisconsin as to whom Niiwin, LLC, within the last five years, obtained a consumer report with respect to a credit or insurance transaction that was not initiated by the class member and where the class member did not authorize the provision of such report to such person and the transaction did not consist of a firm offer of credit or insurance.

99.   **Numerosity.** The members of the Class are believed to be over 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are

identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

100. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether Defendant violated Section 1681b(f) obtaining or using consumer reports for an unpermitted purpose.

b. Whether Defendant's violations were willful.

101. **Typicality.** Plaintiff's class claims are typical of the claims of Class members. Plaintiff is seeking only statutory and punitive damages. In addition, Plaintiff is entitled to the same relief under the class claims as the other members of the Class.

102. **Adequacy.** Plaintiff is an adequate representative of the Class members because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the Class members. Plaintiff has retained counsel competent and experienced in FCRA class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

103. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual

**Complaint**

25

**Page 029**

issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

104.  Defendant is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1.  For an order certifying the proposed classes and appointing Plaintiff and Plaintiff's undersigned counsel of record to represent same;

2.  For statutory damages;

3.  For punitive damages;

4.  For attorney's fees and costs;

5.  For interest as provided by law;

6.  For such other and further relief as the Court deems proper.

Dated: February 15, 2018          THE DION-KINDEM LAW FIRM


BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Barry Rosen