RONALD I. RAETHER, JR. (SBN 303118)
ron.raether@troutman.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: (949) 622.2700
Facsimile: (949) 622.2739

Attorney for Defendant
CLARITY SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>       Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., CLARITY SERVICES, INC., EASY CASH ASAP, LOANME INC., MARLETTE FUNDING LLC, MONEYKEY – CA, INC., MONEY LION, INC., NIIWIN, LLC, and DOES 1 through 10,<br><br>       Defendants. | Case No. 2:18-cv-03126-JFW-PJW<br><br>**CLARITY SERVICES, INC.'S ANSWER**<br><br><br><br>Complaint Served:     03/16/2018 |

Clarity Services, Inc. ("Clarity") through its counsel, submits the following Answer to Plaintiff's Complaint ("Complaint"). Clarity denies all allegations in the Complaint that it does not expressly admit in this Answer. Clarity further denies that it willfully or negligently violated any law, either individually, or collectively with any other individual or entity. Clarity responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1. Clarity admits that Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Clarity denies the remaining allegations in paragraph 1 of the Complaint.

2. The allegations in paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 2 are contrary to law, they are denied. Clarity lacks sufficient information to admit or deny the allegations regarding Plaintiff's residence and, therefore, denies the same.

3. The allegations in paragraph 3 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 3 are contrary to law, they are denied.

4. Clarity admits that it is a Delaware corporation. The remaining allegations in paragraph 4 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 4 are contrary to law, they are denied. By way of further response, Clarity denies that it did business in California with respect to Plaintiff.

5. The allegations in paragraph 5 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

6. The allegations in paragraph 6 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, the allegations in paragraph 6 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 6 are contrary to law, they are denied.

7. The allegations in paragraph 7 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

8. The allegations in paragraph 8 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

9. The allegations in paragraph 9 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

10. The allegations in paragraph 10 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

11. The allegations in paragraph 11 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

12. The allegations in paragraph 12 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

13. Clarity denies the allegations in paragraph 13 of the Complaint.

**First Cause of Action**

**(Against Defendant Experian Information Solutions, Inc.)**

14. Clarity incorporates its responses to paragraphs 1-13 as if fully set forth herein.

15. The allegations in paragraph 15 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 15 are contrary to law, they are denied.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

16.    The allegations in paragraph 16 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, the allegations in paragraph 16 of the Complaint state legal conclusions to which no response is required.  To the extent the allegations in paragraph 16 are contrary to law, they are denied.

17.    The allegations in paragraph 17 of the Complaint state legal conclusions to which no response is required.  To the extent the allegations in paragraph 17 are contrary to law, they are denied.

18.    The allegations in paragraph 18 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  Further, the allegations in Paragraph 18 of the Complaint state legal conclusions regarding the furnishing of a consumer report to which no response is required.  To the extent the allegations in paragraph 18 are contrary to law, they are denied.

19.    The allegations in paragraph 19 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  Further, the allegations in Paragraph 19 of the Complaint state legal conclusions regarding permissible purposes to which no response is required.  To the extent the allegations in paragraph 19 are contrary to law, they are denied.

20.    The allegations in paragraph 20 of the Complaint state legal conclusions to which no response is required.  To the extent the allegations in paragraph 20 are contrary to law, they are denied.

21.    The allegations in paragraph 21 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations

and, therefore, denies the same.  Further, the allegations in Paragraph 21 of the Complaint state legal conclusions regarding permissible purposes to which no response is required.  To the extent the allegations in paragraph 21 are contrary to law, they are denied.

22.     The allegations in paragraph 22 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

23.     The allegations in paragraph 23 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

24.     Clarity admits that Plaintiff purports to bring this claim on behalf of a class and four subclasses.  Clarity further admits that Plaintiff purports to define the classes as stated in paragraph 24 of the Complaint.  Clarity denies that this matter may be properly maintained against it as a class action as defined in paragraph 24 or otherwise.  Clarity denies the remaining allegations in paragraph 24 of the Complaint.

25.     Plaintiff's claim that the numerosity and ascertainability requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 25 of the Complaint.

26.     Plaintiff's claim that the commonality and predominance requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 26 of the Complaint.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

27.     Plaintiff's claim that the typicality requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 27 of the Complaint.

28.     Plaintiff's claim that the adequacy requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 28 of the Complaint.

29.     Plaintiff's claim that the superiority requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 29 of the Complaint.

**Second Cause of Action**

**(Against Defendant Clarity Services, Inc.)**

30.     Clarity incorporates its responses to paragraphs 1-29 as if fully set forth herein.

31.     Clarity denies the allegations in paragraph 31 of the Complaint.

32.     Clarity denies the allegations in paragraph 32 of the Complaint.

33.     The allegations in paragraph 33 of the Complaint state legal conclusions to which no response is required.  To the extent the allegations in paragraph 33 are contrary to law, they are denied.

34.     The allegations in Paragraph 34 of the Complaint state legal conclusions regarding procuring a consumer report to which no response is required.  To the extent the allegations in paragraph 34 are contrary to law, they are denied.

35.     Clarity denies the allegations in paragraph 35 of the Complaint.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

36.    Clarity denies the allegations in paragraph 36 of the Complaint.

37.    The allegations in the first two sentences in paragraph 37 of the Complaint state legal conclusions to which no response is required.  To the extent those allegations are contrary to law, they are denied.  Clarity denies the remaining allegations in paragraph 37 of the Complaint.

38.    Clarity denies the allegations in paragraph 38 of the Complaint.

39.    Clarity admits that Plaintiff purports to bring this claim on behalf of a class and four subclasses.  Clarity further admits that Plaintiff purports to define the classes as stated in paragraph 39 of the Complaint.  Clarity denies that this matter may be properly maintained against it as a class action as defined in paragraph 39 or otherwise.  Clarity denies the remaining allegations in paragraph 39 of the Complaint.

40.    Plaintiff's claim that the numerosity and ascertainability requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 40 of the Complaint.

41.    Plaintiff's claim that the commonality and predominance requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 41 of the Complaint.

42.    Plaintiff's claim that the typicality requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 42 of the Complaint.

43.    Plaintiff's claim that the adequacy requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

required, Clarity denies that this matter may be properly maintained against Clarity as a class action. Clarity denies the remaining allegations in paragraph 43 of the Complaint.

44.     Plaintiff's claim that the superiority requirement is present and satisfied is a legal conclusion, to which no response is required. To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action. Clarity denies the remaining allegations in paragraph 44 of the Complaint.

**Third Cause of Action**

**(Against Defendant Easy Cash ASAP)**

45.     Clarity incorporates its responses to paragraphs 1-44 as if fully set forth herein.

46.     The allegations in paragraph 46 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 46 are contrary to law, they are denied.

47.     The allegations in paragraph 47 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

48.     Clarity admits that Plaintiff purports to bring this claim on behalf of a class and four subclasses. Clarity further admits that Plaintiff purports to define the classes as stated in paragraph 48 of the Complaint. Clarity denies that this matter may be properly maintained against it as a class action as defined in paragraph 48 or otherwise. Clarity denies the remaining allegations in paragraph 48 of the Complaint.

49.     Plaintiff's claim that the numerosity and ascertainability requirements are present and satisfied is a legal conclusion, to which no response is required. To the extent a response is required, Clarity denies that this matter may be properly

maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 49 of the Complaint.

50.   Plaintiff's claim that the commonality and predominance requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 50 of the Complaint.

51.   Plaintiff's claim that the typicality requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 51 of the Complaint.

52.   Plaintiff's claim that the adequacy requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 52 of the Complaint.

53.   Plaintiff's claim that the superiority requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 53 of the Complaint.

54.   The allegations in paragraph 54 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**Fourth Cause of Action**

**(Against Defendant LOANME INC.)**

55.     Clarity incorporates its responses to paragraphs 1-54 as if fully set forth herein.

56.     The allegations in paragraph 56 of the Complaint state legal conclusions to which no response is required.  To the extent the allegations in paragraph 56 are contrary to law, they are denied.

57.     The allegations in paragraph 57 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

58.     Clarity admits that Plaintiff purports to bring this claim on behalf of a class and four subclasses.  Clarity further admits that Plaintiff purports to define the classes as stated in paragraph 58 of the Complaint.  Clarity denies that this matter may be properly maintained against it as a class action as defined in paragraph 58 or otherwise.  Clarity denies the remaining allegations in paragraph 58 of the Complaint.

59.     Plaintiff's claim that the numerosity and ascertainability requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 59 of the Complaint.

60.     Plaintiff's claim that the commonality and predominance requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 60 of the Complaint.

61.     Plaintiff's claim that the typicality requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

required, Clarity denies that this matter may be properly maintained against Clarity as a class action. Clarity denies the remaining allegations in paragraph 61 of the Complaint.

62. Plaintiff's claim that the adequacy requirement is present and satisfied is a legal conclusion, to which no response is required. To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action. Clarity denies the remaining allegations in paragraph 62 of the Complaint.

63. Plaintiff's claim that the superiority requirement is present and satisfied is a legal conclusion, to which no response is required. To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action. Clarity denies the remaining allegations in paragraph 63 of the Complaint.

64. The allegations in paragraph 64 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## Fifth Cause of Action

### (Against Defendant Marlette Funding LLC)

65. Clarity incorporates its responses to paragraphs 1-64 as if fully set forth herein.

66. The allegations in paragraph 66 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 66 are contrary to law, they are denied.

67. The allegations in paragraph 67 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

68.     Clarity admits that Plaintiff purports to bring this claim on behalf of a class and four subclasses.  Clarity further admits that Plaintiff purports to define the classes as stated in paragraph 68 of the Complaint.  Clarity denies that this matter may be properly maintained against it as a class action as defined in paragraph 68 or otherwise.   Clarity denies the remaining allegations in paragraph 68 of the Complaint.

69.     Plaintiff's claim that the numerosity and ascertainability requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 69 of the Complaint.

70.     Plaintiff's claim that the commonality and predominance requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 70 of the Complaint.

71.     Plaintiff's claim that the typicality requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 71 of the Complaint.

72.     Plaintiff's claim that the adequacy requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 72 of the Complaint.

73.     Plaintiff's claim that the superiority requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

required, Clarity denies that this matter may be properly maintained against Clarity as a class action. Clarity denies the remaining allegations in paragraph 73 of the Complaint.

74. The allegations in paragraph 74 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

**Sixth Cause of Action**

**(Against Defendant MONEYKEY – CA, Inc.)**

75. Clarity incorporates its responses to paragraphs 1-74 as if fully set forth herein.

76. The allegations in paragraph 76 of the Complaint state legal conclusions to which no response is required. To the extent the allegations in paragraph 76 are contrary to law, they are denied.

77. The allegations in paragraph 77 of the Complaint are not directed at Clarity and, therefore, no response is required. To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

78. Clarity admits that Plaintiff purports to bring this claim on behalf of a class and four subclasses. Clarity further admits that Plaintiff purports to define the classes as stated in paragraph 78 of the Complaint. Clarity denies that this matter may be properly maintained against it as a class action as defined in paragraph 78 or otherwise. Clarity denies the remaining allegations in paragraph 78 of the Complaint.

79. Plaintiff's claim that the numerosity and ascertainability requirements are present and satisfied is a legal conclusion, to which no response is required. To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action. Clarity denies the remaining allegations in paragraph 79 of the Complaint.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

80.     Plaintiff's claim that the commonality and predominance requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 80 of the Complaint.

81.     Plaintiff's claim that the typicality requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 81 of the Complaint.

82.     Plaintiff's claim that the adequacy requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 82 of the Complaint.

83.     Plaintiff's claim that the superiority requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 83 of the Complaint.

84.     The allegations in paragraph 84 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## Seventh Cause of Action

### (Against Defendant Money Lion, Inc.)

85.     Clarity incorporates its responses to paragraphs 1-84 as if fully set forth herein.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

86.     The allegations in paragraph 86 of the Complaint state legal conclusions to which no response is required.  To the extent the allegations in paragraph 86 are contrary to law, they are denied.

87.     The allegations in paragraph 87 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

88.     Clarity admits that Plaintiff purports to bring this claim on behalf of a class and four subclasses.  Clarity further admits that Plaintiff purports to define the classes as stated in paragraph 88 of the Complaint.  Clarity denies that this matter may be properly maintained against it as a class action as defined in paragraph 88 or otherwise.  Clarity denies the remaining allegations in paragraph 88 of the Complaint.

89.     Plaintiff's claim that the numerosity and ascertainability requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 89 of the Complaint.

90.     Plaintiff's claim that the commonality and predominance requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 90 of the Complaint.

91.     Plaintiff's claim that the typicality requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 91 of the Complaint.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

92.     Plaintiff's claim that the adequacy requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 92 of the Complaint.

93.     Plaintiff's claim that the superiority requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 93 of the Complaint.

94.     The allegations in paragraph 94 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## Eighth Cause of Action

### (Against Defendant Niiwin, LLC)

95.     Clarity incorporates its responses to paragraphs 1-94 as if fully set forth herein.

96.     The allegations in paragraph 96 of the Complaint state legal conclusions to which no response is required.  To the extent the allegations in paragraph 96 are contrary to law, they are denied.

97.     The allegations in paragraph 97 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

98.     Clarity admits that Plaintiff purports to bring this claim on behalf of a class and four subclasses.  Clarity further admits that Plaintiff purports to define the classes as stated in paragraph 98 of the Complaint.  Clarity denies that this matter

may be properly maintained against it as a class action as defined in paragraph 48 or otherwise.  Clarity denies the remaining allegations in paragraph 98 of the Complaint.

99.    Plaintiff's claim that the numerosity and ascertainability requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 99 of the Complaint.

100.   Plaintiff's claim that the commonality and predominance requirements are present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 100 of the Complaint.

101.   Plaintiff's claim that the typicality requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 101 of the Complaint.

102.   Plaintiff's claim that the adequacy requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 102 of the Complaint.

103.   Plaintiff's claim that the superiority requirement is present and satisfied is a legal conclusion, to which no response is required.  To the extent a response is required, Clarity denies that this matter may be properly maintained against Clarity as a class action.  Clarity denies the remaining allegations in paragraph 103 of the Complaint.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

104.   The allegations in paragraph 104 of the Complaint are not directed at Clarity and, therefore, no response is required.  To the extent a response is required, Clarity lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

105.   Clarity denies that Plaintiff may recover any of the requested relief in the WHEREFORE clause of the Complaint.

106.   Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that Clarity bears the burden of proof as to any of them, Clarity asserts the following defenses.  Clarity intends to rely on any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against Clarity, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from Clarity.

## SECOND ADDITIONAL DEFENSE
### (*NO PERSONAL JURISDICTION*)

This Court lacks personal jurisdiction over Clarity.  Clarity is not subject to general jurisdiction in this Court.  In addition, Clarity is not subject to personal jurisdiction, as Clarity does not have sufficient minimum contacts with the state of California to allow this Court to exercise specific personal jurisdiction in this case.

## THIRD ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Clarity acted in good faith and complied fully with the FCRA and relevant state laws.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the result of acts or omissions of third persons or Plaintiff over whom Clarity had neither control nor responsibility.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages fails to the extent that the Complaint states insufficient facts in support of a claim for punitive damages.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to protect himself from damages, if any, or failed to mitigate his alleged damages.

## SEVENTH ADDITIONAL DEFENSE

Any recovery Plaintiff receives is subject to a set off in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages.  Clarity is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## EIGHTH ADDITIONAL DEFENSE

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, the purported class is not so numerous that joinder of any qualified member is impracticable; Plaintiff's claims are not typical of the claims of each purported class member; questions of law and fact allegedly common to the purported class do not predominate over the numerous questions affecting only purported class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of purported class members; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the purported class members; the purported class members cannot be identified or ascertained by reference to objective

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

1  criteria in an administratively feasible manner; and there are insurmountable
2  difficulties in any attempt to proceed as a class action.

3  **NINTH ADDITIONAL DEFENSE**

4  Plaintiff and the purported class members cannot recover from Clarity as a
5  class action to the extent to which such class recovery would deprive Clarity of its
6  due process rights to assert individualized defenses to claims of class members.

7  **TENTH ADDITIONAL DEFENSE**

8  Plaintiff cannot recover from Clarity individually or as a class action for
9  punitive or statutory damages to the extent any award of punitive or statutory
10  damages would be impermissible under the Due Process Clause of the Fifth
11  Amendment to the United States Constitution, and the Excessive Fines Clause of the
12  Eighth Amendment to the United States Constitution, due to the lack of any actual
13  damages suffered by Plaintiff and the gross disparity between the allegations of harm
14  and the size of the claim.

15  **ELEVENTH ADDITIONAL DEFENSE**

16  Plaintiff's claims, and those of the purported class, fail to the extent that they
17  are barred by any applicable statutes of limitation.

18  **TWELFTH ADDITIONAL DEFENSE**

19  Plaintiff's claims, and the claims made on behalf of the purported class, are
20  barred, in whole or in part, to the extent the claims are barred by any previous
21  applicable settlements and/or releases.

22  **THIRTEENTH ADDITIONAL DEFENSE**

23  Plaintiff's claims fail to the extent that Plaintiff did not take any action
24  necessary to recover under the FCRA.

25  Clarity reserves the right to assert additional defenses at such time and to such
26  extent as warranted by discovery and the factual developments in this case.

27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# **PRAYER**

WHEREFORE, Clarity requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Enter judgment in favor of Clarity;

3. Award Clarity its attorneys' fees and costs of suit incurred in defending against the Complaint; and

4. Award such other relief the Court deems appropriate.

DATED:  May 11, 2018                          Respectfully submitted,
                                                                 TROUTMAN SANDERS LLP


                                                                 BY:  */s/ Ronald I. Raether, Jr.*
                                                                         Ronald I. Raether, Jr.

                                                                 Attorney for Defendant Clarity Services, Inc.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545